THEODORE R. IVINS, PLAINTIFF-RESPONDENT, v. STAN-LEY ANDRES, DEFENDANT-APPELLANT.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiff-respondent, *Quinn, Parsons & Doremus* (*John J. Quinn,* of counsel).

For the defendant-appellant, *Lester C. Leonard.*

The opinion of the court was delivered by

RAFFERTY, J.   This is an action in tort arising out of a collision between automobiles operated by the parties and occurring at the intersection of certain roads at or near Englishtown, Monmouth county.   Approach to the intersection from either road was obscured from the vision of each driver by dense growth.   An issue of fact being raised the matter was properly submitted to a jury.   Upon verdict for plaintiff, judgment was entered thereon and defendant brings this appeal.

Three trials of the action were had.   The first trial resulted in a disagreement and the second trial resulted in a verdict for plaintiff, which was set aside and a new trial ordered on the merits, on the return of rules pursued by both parties.

The grounds of appeal refer to the charge of the court and to the admission of certain expert medical testimony.

The portions of the charge complained of deal with the treatment by the court of the rights and duties of the parties with respect to the right of way at the intersection.   We have carefully examined the charge and find that while observations were made by the court, which in the abstract might be argued as being prejudicial to defendant, nevertheless it was definitely stated to the jury that it was their duty to resolve the factual situation.   After remarking that, "it may be said in this case that the evidence itself fairly discloses that the plaintiff had the right of way at the intersection," and, "would there have been any collision if, in the exercise of due care, the defendant had accorded the right of way to the plaintiff's car?" and other similar remarks, the court said, "what the factual situation, in all reasonable probability, was, under the fair preponderance of proof, is for your determination."

The statement of the court as to the law affecting the rights of parties at street intersections was appropriate.

It is also claimed that defendant was prejudiced by that portion of the charge where the court in dealing with the testimony of medical experts said, "and while the ordinary doctor is likewise permitted to express his views and opinions in a case such as this, especially when he has treated the injured person." It is urged that the effect of this statement was to give undue and illegal credence to the testimony of one physician and excluded from that same category all others. But the court immediately followed this expression with the statement that "such testimony as a whole is for the consideration of the jury, and the weight and credit they give is entirely within their own province."

"It is the right and duty of a judge to comment upon the evidence, and in cases where he thinks it required for the promotion of justice, to give his views upon the weight of it, provided he leaves it to them to decide, upon their own views of it. This is too well settled by repeated decisions, to be now called in question." *Castner* v. *Sliker*, 33 *N. J. L.* 507. Mr. Justice Parker very carefully reviewed the history of this thoroughly settled rule and vindicated its application to both civil and criminal cases in his admirable opinion in the case of *State* v. *Hauptmann*, 115 *Id.* 340.

Appellant made objection to certain questions asked of Dr. Spradley, an expert medical witness, but none of these objections point out the precise and definite ground thereof. In this situation the objections made are not available to appellant. *Constitution Indemnity Company of Philadelphia* v. *Wickburg*, 112 *N. J. L.* 348. However, it may be said that the questions objected to were properly submitted in that the witness previously testified that he relied upon the history obtained from the injured plaintiff only "to come to the conclusion as to his nervous and mental state." This, of course, had no reference to the trauma to the skull and injury to the brain to which the questions objected to were directed.

The remaining assignment of error is based upon an objection to a question asked by counsel for plaintiff on cross-examination of Dr. Pietrie, a medical expert testifying on behalf of defendant. Upon objection being made, counsel for plaintiff made Dr. Pietrie his own witness and again pro-

pounded a hypothetical question. The objection to this question was, "he has not described the injury to his head, nor has he added that Dr. Blumberg testified in 1934 that there was no evidence of pressure." This objection was overruled and we think properly so. What Dr. Blumberg testified to in 1934, in so far as the record discloses, was not pertinent to the question propounded to this witness, nor was the question intended to impeach Dr. Blumberg, or to controvert whatever Dr. Blumberg may have testified to in 1934. As to the head injury not being described, it is sufficient to say that defendant was not harmed thereby. The question in the form propounded was more favorable to defendant than if it had included a description of the head injury. In addition to this, Dr. Pietrie had examined the head of plaintiff at the trial in the courtroom. Moreover, the question was in accordance with the theory of the plaintiff in the case and contained only elements which the evidence tended to prove. *Schnoor* v. *Palisades Realty, &c., Co.,* 112 *N. J. L.* 506.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.